*625 OPINION.
Marquette :
The evidence herein establishes that in 1920 and 1921 the petitioner was embarrassed, harassed, annoyed, and interfered with by the Federal Reserve Bank of Cleveland, Ohio, with the result that its reputation and standing in Catlettsburg, Ky., and vicinity, and among its customers and depositors were injured, its earning power was crippled, and its earnings less than they otherwise would have been. The petitioner brought an action against the Federal Reserve Bank for the wrongful acts of the latter and asked for $50,000 actual and $100,000 exemplary or punitive damages. The action was settled by payment to the petitioner of $18,500 in satisfaction of its claim, out of which the petitioner, paid costs and expenses of the suit. The net proceeds, amounting to $13,792.96, have been included by the respondent in the petitioner’s income for 1925, the year in which the compromise was effected and the money paid. The petitioner contends that no part of this amount constitutes income, but was paid to compensate for injuries done to the petitioner, the effect of the payment being to place the petitioner in the same position as it was before the wrongful or unlawful acts were committed by the Federal Reserve Bank.
*626 The petitioner’s contention would be well taken if the facts were that the entire amount paid to it merely placed it in the position it occupied before the controversy with the Federal Reserve Bank began. But upon the record we are unable to find that such is the case. The only witness for the petitioner, its cashier, testified that, due to the acts of the Federal Reserve Bank, the petitioner’s reputation was damaged, and its earnings were reduced. But he did not state whether the damage to the petitioner’s reputation was reflected over a period of time in its business and earnings, or ceased upon the termination of the wrongful acts of the Reserve Bank and the settlement of the controversy. It is clear, however, that part of the damage done by the Reserve Bank was reflected in the petitioner’s earnings during the period that the coercive methods were being used. In other words, the petitioner earned in that period less money than it would have earned had it not been for the action of the Reserve Bank, and the settlement must be construed, in part at least, as compensating the petitioner for that loss of earnings. While we are not unmindful of the cases cited by the petitioner, we are unable to conclude that where one person or corporation pays to another person or corporation an amount of money that the latter would have earned had it not been for wrongful acts of the former, the amount so paid is not income to the latter. It would have been income if the latter person or corporation had earned it, and we think that where the payment is made, the payee is in the same position, as far as the increase in capital is concerned, as if it had actually earned the money. Its income is the same in both instances. We are therefore of the opinion that at least part of the amount in question was clearly income to the petitioner.
The respondent has included the entire amount of the settlement in the petitioner’s income for 1925. The burden is on the petitioner to show that the respondent’s action is erroneous. We are of opinion that it has failed to meet that burden. The record fails to show that there was damage done to the petitioner’s reputation and business other than that reflected in reduced earnings for the period of the coercive acts of the Federal Reserve Bank. However, assuming that such damage did occur, we are unable to determine from the evidence what its extent or amount was, or what part of the settlement was intended to compensate for it and what part to make up to the petitioner the amount it would have earned except for the course pursued by the Reserve Bank. On the record we must affirm the respondent.

Judgment will be entered for the respondent.